IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WHITE RIVER ROYALTIES, LLC, and SARA CAMMACK, on behalf of themselves and a class of similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HESS BAKKEN INVESTMENTS II, LLC<br><br>　　　　Defendant. | Civil Action No.: |

## CLASS ACTION COMPLAINT

Plaintiffs, White River Royalties, LLC ("White River") and Sara Cammack ("Cammack") (collectively "Plaintiffs"), on behalf of themselves and the Class defined below, for their class action complaint against Defendant Hess Bakken Investments II, LLC ("Defendant" or "Hess"), allege:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Class proposed by Plaintiffs exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy on the claims of the proposed Class members exceeds the sum of $5,000,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendant because a substantial portion of the acts and conduct of the Defendant giving rise to the claims asserted in this class action occurred in the State of North Dakota.

3. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the Defendant's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

4. Plaintiff, White River, is a limited liability company organized under the laws of the State of Colorado, and its principal place of business is located at 4194 S. Valentia Street, Denver, Colorado 80237. The two members of White River are Susan Jerman and her daughter, Kimbra Jerman. Susan Jerman and Kimbra Jerman are both residents and citizens of the State of Colorado.

5. Plaintiff, Sara Cammack, is an individual who is a resident and citizen of the State of Colorado.

6. Defendant Hess is a limited liability company organized under the laws of the State of Delaware, and its principal place of business is located at Hess Tower, 1501 McKinney Street, Houston, Texas 77010. On information and belief, the members of Hess are citizens of the states of New York and Texas.

## CLASS DEFINITION

7. Plaintiffs brings this class action on behalf of Plaintiffs and a Class of similarly situated persons consisting of:

> All persons to whom Hess has paid royalties on oil produced from wells located in the State of North Dakota since October 10, 2009, pursuant to leases or overriding royalty agreements which require Hess "[t]o deliver to the credit of Lessor, free of cost, in the pipeline to which Lessee may connect wells on said land, the equal

[a specified percentage] of all oil produced and saved from the leased premises."

The Class excludes: (a) the United States; (b) any person who has been a working interest owner in a well located in North Dakota on whose behalf Hess has paid royalties on oil or natural gas produced by Hess in North Dakota; and (c) Hess and its affiliated entities, and their respective employees, officers and directors.

## FACTUAL ALLEGATIONS

8. On December 15, 1948, Anna Sivertson, as Administratrix for the Estate of Sivert Sivertson, as lessor, entered into an oil and gas lease with Thomas W. Leach and A.M. Fruh, as lessees, pertaining to leased premises located in the State of North Dakota ("the 1948 Lease"). On July 1, 2004, a portion of the lessor's interests under the 1948 Lease was acquired by White River, and White River has owned a portion of the lessor's interests under the 1948 lease at all times since July 1, 2004. Hess acquired the lessee's interests under the 1948 Lease prior to September 1, 2013, and Hess has continued to own the lessee's interests under the 1948 Lease at all times since September 1, 2013.

9. On January 24, 1966, Lillian Van Pelt, as lessor, entered into an oil and gas lease with Amerada Petroleum Corporation, as lessee, pertaining to leased premises located in the State of North Dakota ("the 1966 Lease"). On July 1, 2004, a portion of the lessor's interests under the 1966 Lease was acquired by White River, and White River has owned a portion of the lessor's interests under the 1966 Lease at all times since July 1, 2004. Hess acquired or succeeded to the lessee's interests under the 1966 Lease prior to September 1, 2013, and has owned the lessee's interests under the 1966 Lease at all times since September 1, 2013.

10. On April 25, 2006, Cammack's predecessor in interest, Eva Jean Blount, as lessor, entered into an oil and gas lease with Amerada Hess Corporation, as lessee, pertaining to leased premises located in the State of North Dakota ("the 2006 Lease"). Subsequently, as noted in that certain

3

Stipulation of Interest and Cross-Conveyance entered into by and between Cammack and Hess, recorded at Mountrail County document no. 436615, Cammack acquired an interest in the minerals subject of the 2006 Lease. Hess acquired or succeeded to the lessee's interests under the 2006 Lease prior to or on January 1, 2014, and has owned the lessee's interests under the 2006 Lease at all times since January 1, 2014.

11. Both the 1948 Lease and the 1966 Lease contain an identical royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal one-eighth (1/8) part of all oil produced and saved from the leased premises."

12. The 2006 Lease contains the same royalty provision as the 1948 Lease and the 1966 Lease, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [one-fifth (1/5)] part of all oil produced and saved from the leased premises."

13. At various times since Hess acquired its lessee's interests under the 1948 Lease, the 1966 Lease, and the 2006 Lease, Hess has produced and sold oil from wells subject to all of these Leases, and has paid royalties to Plaintiffs on such oil production.

14. At various times since October 10, 2009, Hess, in its calculation and payment of royalties to Plaintiffs on oil sales subject to the 1948 Lease, the 1966 Lease, and the 2006 Lease, has improperly deducted from the sale price of the oil various costs related to transporting the oil from the well to a transportation pipeline, or related to transporting the oil to a delivery point where the oil has been sold to third parties. The costs which Hess has improperly deducted from the sales price of the oil have included costs which Hess itself describes as "trucking fees", "pipeline fees", "rail fees", and "terminal fees."

15. Hess' deduction of the above-referenced costs in its calculation of royalties paid to Plaintiffs on oil sales is not permitted under the royalty provision referenced in Paragraphs 11 and 12 of this Complaint, and Hess has materially breached its contractual obligations to Plaintiffs under the 1948 Lease, the 1966 Lease, and the 2006 Lease by taking such deductions in its calculation and payment of royalties to Plaintiffs.

16. Plaintiffs have sustained substantial damages as a result of Hess' breaches of its contractual obligations to Plaintiffs under the 1948 Lease, the 1966 Lease, and the 2006 Lease.

17. In addition to Plaintiffs, each member of the proposed Class has an interest in a lease or overriding royalty agreement which contains the same oil royalty provision that is set forth in the 1948 Lease, the 1966 Lease, and the 2006 Lease, and under which Hess has owned the lessee's interest, or with respect to overriding royalty agreements, has been obligated to pay the royalties to the owner of the overriding royalty interest. Hess, in its calculation and payment of royalties on oil sales to the members of the Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs on oil sales, in that Hess has deducted from the sales price of the oil the various costs referenced in Paragraph 14 of this Class Action Complaint.

18. Hess, in deducting the above-referenced costs in its calculation of royalties paid to the Class members on oil sales, has materially breached its contractual obligations to the Class members under the leases and overriding royalty agreements described in the Class definition set forth in Paragraph 7 of this Class Action Complaint.

19. As a direct result of Hess' breach of its contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

20. The proposed Class, which consists of more than one thousand persons, is so numerous that joinder of all Class members in this litigation is impractical.

21. There are questions of law or fact common to the claims of the Class members against Hess, including, but not limited to: (1) whether Hess' deduction of the above-referenced costs in its calculation of royalties paid to the Class members is a material breach of Hess' obligations to the Class members under the leases and overriding royalty agreements at issue; and (2) the proper method for calculating the royalty underpayments resulting from Hess' improper deduction of the above-referenced costs from the sales price of the oil in its payment of royalties to the Class members.

22. The claims of Plaintiffs against Hess are typical of the claims of the Class members against Hess.

23. Plaintiffs will fairly and adequately protect the interests of the Class members regarding their claims against Hess.

24. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

25. A class action is superior to other available methods for fairly adjudicating this controversy.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

26. The allegations contained in Paragraphs 1 through 25, inclusive, are restated and incorporated by reference herein.

27. Hess has breached its obligations to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue, in the manner described above.

28. Plaintiffs and the Class members have sustained substantial damages as a direct result of Hess' breaches of its royalty payment obligations to Plaintiffs and the Class under the leases and overriding royalty agreements at issue.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT

29. The allegations contained in Paragraphs 1 through 28, inclusive, are restated and incorporated by reference herein.

30. A controversy exists between Plaintiffs, the Class, and Hess regarding the correct method for Hess' calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

31. Plaintiffs request that the Court enter a declaratory judgment declaring that Hess is required to pay future royalties to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue without taking the deductions referenced in Paragraph 14 of this Complaint.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. An Order finding that the claims asserted by Plaintiffs on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs be appointed as the Class Representatives for the certified Class, and that Plaintiffs' attorneys be appointed as Class Counsel for the certified Class;

2. A judgment in favor of Plaintiffs and the Class members on their claim for Hess' breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest;

3. A declaratory judgment declaring the appropriate method for Hess' calculation of future royalties on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in paragraph 31 of this Complaint;

4. An award of court costs; and

5. For such additional relief as may be just.

Dated this 3rd day of October, 2019.

        VOGEL LAW FIRM

        By: */s/ Joshua A. Swanson*
        Joshua A. Swanson, ND Bar No. 06788
        R.J. Pathroff, ND Bar No. 07759
        218 NP Avenue
        Fargo, ND 58102
        (701) 237-6983
        jswanson@vogellaw.com
        rpathroff@vogellaw.com

        LAW OFFICES OF GEORGE A. BARTON, P.C.

        By: */s/ George A. Barton*
        George A. Barton Mo. Bar No. 26249
        7227 Metcalf Avenue, Suite 301
        Overland Park, KS 66204
        (913) 563-6250
        gab@georgebartonlaw.com

        **ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**